IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM NELSON, III  #67533**                               **PETITIONER**

**VS.**                                                                              **NO. 1:13cv18-LG-JMR**

**JESSIE J. STREETER**                                            **RESPONDENT**

_____

## REPORT & RECOMMENDATION

This matter comes before the Court on the Respondent's Motion [9] to Dismiss Pursuant to 28 U.S.C. § 2244(b). Having considered the Respondent's Motion, along with the entire record and the applicable law, this Court finds that Respondent's Motion is well-taken and should be granted. Accordingly, the Court recommends that Nelson's petition in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

The Petitioner, William Nelson III, was convicted of capital murder and sentenced to serve life in the custody of the Mississippi Department of Corrections, by an order dated May 16, 2007. [9-1.] Nelson filed an appeal with the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed his conviction and sentence by written opinion on May 20, 2008. *Nelson v. State*, 995 So. 2d 799(Miss. Ct. App. 2008), *reh'g denied*, Sept. 30, 2008, *cert. denied*, 999 So. 2d 374 (Dec. 4, 2008). [9-2]. On December 4, 2009, Nelson filed an application to proceed in trial court with a Motion for Post Conviction Relief [PCR] with the Mississippi Supreme Court. [9-3]. The Mississippi Supreme Court denied Nelson's Motion for PCR on January 7, 2010. [9-4]. Nelson then filed a Motion for Rehearing with the Mississippi Supreme Court that was denied by an Order dated March 3, 2010. [9-5]. On July 26, 2010, Nelson filed a second application to proceed in trial court with a Motion for PCR with the Mississippi Supreme

Court. [9-6]. The Motion was denied as a successive writ on September 8, 2010. [9-7].

Nelson filed a third application for leave to proceed in the trial court on November 9, 2011. [9-8]. That application was denied by an order dated January 18, 2012. [9-9]. Nelson also filed a Petition for Writ of *Habeas Corpus* in this court on October 27, 2010. [9-12]. That petition was denied and dismissed with prejudice on October 21, 2011. [9-10, 9-11].

## ANALYSIS

The Respondent argues that Nelson's *habeas* petition should be dismissed as a successive writ or, in the alternative, as untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act [AEDPA]. The instant case advances a challenge to Nelson's May 16, 2007, conviction and sentence for capital murder. [1, p. 1.] The Respondent maintains that this petition is successive and should be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b)(3)(A). [9, p. 3.]

The "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive *habeas corpus* applications. If the prisoner asserts a claim that he has already presented in a previous federal *habeas* petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). Under the AEDPA, the decision to allow a successive application must be made by a court of appeals. *In re Smith,* 142 F.3d 832, 833–34 (5th Cir. 1998). The relevant provision of the Act provides as follows:  Before a second or successive application permitted by this section is filed in district court, the applicant **shall** move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A) (emphasis added). In this case, Nelson failed to secure the requisite authorization before filing this successive action; therefore, this Court is without

jurisdiction to hear the instant petition, and the Court recommends that the motion to dismiss should be granted.

Assuming *arguendo,* that this court has jurisdiction, the AEDPA still mandates dismissal of this case because the petition was not filed within one year of the date that the petitioner's judgment of conviction became final. 28 U.S.C. § 2244(d)(1) and (2); *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003); *Cantu–Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson,* 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir. 1998). Nothing has changed since Nelson filed his earlier *habeas* petition which was also denied as untimely. *Nelson v. State*, 1:10cv509-HSO-JMR.

## CONCLUSION

Given petitioner's failure to secure the requisite authorization before filing this successive action, the Court recommends that the Respondent's Motion [9] to Dismiss Pursuant to § 2244(b) be granted. Even if the petition were not successive, the Court further recommends that Nelson's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than January 14, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an

aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996). A copy of this R&R has been forwarded to petitioner at his last known address.

  THIS the 31st day of December, 2013.

                s/ John M. Roper, Sr.
              CHIEF UNITED STATES MAGISTRATE JUDGE